**Eddie UTZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43625.**

Court of Criminal Appeals of Texas.

March 24, 1971.

Elliott, Bevill & Clark, by Tom R. Bevill, Breckenridge, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for murder with malice. The punishment was assessed by the jury at 45 years.

Appellant's first ground of error reads:

"There appears throughout the Statement of Facts at places too numerous to set out inconsistencies and contradictions which, when said statement of facts is taken as a whole, will reflect that the evidence as presented at the trial was wholly insufficient for conviction and that the jury's verdict was wholly unsupported by the credible evidence."

Appellant makes no effort to point out what inconsistencies or contradictions he has reference to so that the same "can be clearly identified and understood by the court." See Article 40.09, Sec. 9, Vernon's Ann.C.C.P. No authorities are cited or argument advanced. Clearly the ground of error is not in compliance with Article 40.-09, Sec. 9, supra, and presents nothing for review.

Nevertheless, the record has been carefully read and examined and we conclude the evidence is amply sufficient to support the jury's verdict.

Next, appellant contends the court erred in permitting a deputy sheriff to relate a statement made to him by the appellant.

The record reflects that the appellant told a neighbor he had found his "wife" dead and asked the neighbor to call the police. The deputy sheriff testified that in response to the call he arrived at the house where appellant was living and found a dead woman "covered in blood." The deputy sheriff was then asked:

"Q. Did you talk to the defendant?

"A. Yes, sir.

"Q. What did you say to him?

"A. I asked him what happened and he said she came home late and they had a little fuss and he just slapped her a couple of times when he found her sitting on the back porch and carried her in the house into the kitchen where she was laying in [sic] the floor when I arrived and that she tried to get up once and fell and he said, 'Well, you can get to bed the best way you can,' and he went to bed. He stated that her head was turned the opposite direction when he left her than what it was when I found her the next morning."

Such testimony was admitted without objection and after the witness had testified on voir dire examination in the jury's absence that the appellant was not under restraint nor suspected at the time. It appears clear that the officer was only conducting the investigatory phase of the case at the time and that the same was not custodial interrogation.

Appellant bases his claim that the same was inadmissible on the fact that a highway patrolman, who had arrived at the house sometime after the deputy, testified he had a conversation with the appellant after his arrival and the appellant had told him what had happened the previous day. When the patrolman admitted that in his mind at the time the appellant was a suspect and that no warnings had at the time been given, the careful trial court sustained the objection as to the nature of the conversation. While the record does not so reveal, appellant claims the conversation

with the patrolman was the same as the earlier conversation with the deputy sheriff which was admitted without objection. It is his contention that if the appellant's conversations with the patrolman were properly excluded, then the earlier conversation with the deputy should have likewise been excluded though no such request was ever made of the trial court.

Under the circumstances presented, no error is perceived.

The judgment is affirmed.